IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Riyan Williams )<br>3901 17th Street, NE )<br>Washington, DC 20018 )<br>　　　　　　　　　　　　　　　　　　)<br>　　　　　　Plaintiff　　　　　　　　)<br>v.　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　)<br>Georgetown University Alumni & Student )<br>　Federal Credit Union )<br>3700 O Street, NW )<br>Washington, DC 20057 )<br>　　　　　　　　　　　　　　　　　　)<br>　　　　　　Defendant　　　　　　　)<br>　　　　　　　　　　　　　　　　　　) | Case No. 1:24-cv-02672-TNM | |

**OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM
REDLINING REQUIREMENT FOR AMENDED COMPLAINT**

　　　Defendant Georgetown University Alumni & Student Federal Credit Union ("GUASFCU"), through undersigned counsel, hereby submits this memorandum in opposition to Plaintiff's Motion for Relief from Redlining Requirement for Amended Complaint (docket no. 10; "Motion for Relief from Redlining") and states as follows:

**INTRODUCTION**

　　　Plaintiff, Riyan Williams ("Plaintiff"), filed a Complaint against GUASFCU in the Superior Court of the District of Columbia ("Superior Court"), Case No. 2024-CAB-005372, on August 22, 2024. On September 18, 2024, GUASFCU filed a Notice of Removal (docket no. 1), through which the case was removed to this Court pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446. On September 20, 2024, Plaintiff filed an Opposition to Defendant's Notice of Removal and Motion to Remand to Superior Court of the District of Columbia, which this court has construed as a motion to remand (docket no. 5; "Motion to Remand"), which has been opposed by GUASFCU through a Memorandum in Opposition to Plaintiff's Motion to Remand to Superior

Court of the District of Columbia filed October 4, 2024 (docket no. 6) and remains pending.[1] On or about November 14, 2024, Plaintiff filed a Motion for Leave to File Amended Complaint (docket no. 9; "Motion to Amend") along with a copy of his Amended Complaint[2] and his Motion for Relief from Redlining.

### I. Plaintiff's status as a *pro se* litigant should not excuse him from providing a redlined version of his amended complaint as required by this Court's applicable Standing Order.

This Court's Standing Order for Cases Before Judge Trevor N. McFadden, entered in this case on September 18, 2024, requires that "[a]ny amended pleadings shall be accompanied by a redline comparison of the original and amended pleadings." (docket no. 3, p. 3, para. 6) In Plaintiff's Motion for Relief from Redlining, he suggests that as a *pro se* litigant he should be excused from compliance with that requirement.

Citing Padou v. District of Columbia, 998 A.2d 286, 292-93 (D.C. 2010), Plaintiff argues that "*pro se* litigants are given more flexibility with procedural rules such as service of process and pleadings to prevent their lack of legal experience from barring them from being heard." However, in Padou, the District of Columbia Court of Appeals also stated:

> In cases where a party is a *pro se* litigant, the general principle [is] that such a litigant can expect no special treatment from the court. A *pro se* litigant cannot expect or seek concessions because of…inexperience and lack of trial knowledge

---

[1] Plaintiff's amendment of the Complaint may render the pending Motion to Remand moot. It appears the proposed Amended Complaint no longer includes the original Complaint's claim based on the Truth in Lending Act 15 U.S.C. § 1601 *et seq*. ("TILA") or allegations that GUASFCU violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"). However, this Court should retain jurisdiction over the Amended Complaint for the following reasons. First, the Amended Complaint alleges violations of the Electronic Funds Transfer Act, 15 U.S.C. § 1693 (in paragraph 200) and of Regulation F (in paragraph 164). Second, as previously held by the United States District Court for the District of Columbia, "once a case is properly removed, a plaintiff may not amend the complaint solely to defeat federal jurisdiction." Zuurbier v. Medstar Health, Inc., 306 F.Supp. 2d 1, 5 (D.D.C. 2004). (That issue, however, is currently pending before the United States Supreme Court in Royal Canin U.S.A., Inc. v. Wullschleger, et al., 23-677, on appeal from the United States Court of Appeals for the Eighth Circuit (Wullschleger v. Royal Canin U.S.A., Inc., 75 F.4th 918 (8th Cir. 2023)(certiorari granted April 29, 2024)).

[2] To the extent Plaintiff is entitled to amend his Complaint once as a matter of course pursuant to Rule 15(a) of the Federal Rules of Civil Procedure because GUASFCU has not yet filed an answer or a motion to dismiss, GUASFCU does not oppose Plaintiff's amendment of his Complaint. However, GUASFCU notes that the claims asserted in the Amended Complaint are frivolous, and GUASFCU anticipates filing a motion to dismiss the Amended Complaint.

> and training and must, when acting as [his] [or her] own lawyer, be bound by and conform to the rules of court procedure.

998 A.2d at 292-93 (internal quotation marks and citations omitted). Further, it is clear from Plaintiff's Motion for Relief from Redlining that he is aware of the requirement to provide a redline comparison of his original Complaint and his Amended Complaint, and compliance with that requirement does not require any amount of legal experience, knowledge, or training. Presumably, Plaintiff prepared both his original Complaint and his Amended Compliant using word processing software, and he should have the ability to generate a redline comparison using that same software. For example, if Plaintiff prepared both versions of the complaint in Microsoft Word and has both versions saved electronically, then he can use a built-in function of Microsoft Word to easily generate a redline comparison of the two versions.

Plaintiff further argues that because GUASFCU has not yet filed a substantive response to the original Complaint, the Court's acceptance of the Amended Complaint without a redlined version will not prejudice GUASFCU. Based on the pending Motion to Remand, GUASFCU has not yet filed an Answer or a Motion to Dismiss. However, GUASFCU has previously undertaken an analysis of the original Complaint, and excusing Plaintiff from the requirement to provide a redlined comparison as required by the Standing Order would place a substantial burden upon GUASFCU to identify all of the extensive amendments. The original Complaint was 23 pages long (not including exhibits) and included five numbered counts. The Amended Complaint is substantially larger: 60 pages in length (not including exhibits), with twelve counts. Although Plaintiff's Motion for Relief from Redlining includes a general summary of the amendments to the Complaint, a redline comparison of the changes would better and more thoroughly identify those portions of the Complaint that have been added, removed, or otherwise changed.

## CONCLUSION

Based upon the foregoing, Defendant Georgetown University Alumni & Student Federal Credit Union respectfully requests that this Honorable Court deny Plaintiff's Motion for Relief from Redlining and grant Defendant such other or further relief as this Court may deem just and proper.

Respectfully submitted,

Dated: December 2, 2024       By:   */s/ William R. Feldman*
William R. Feldman, DC Bar No. 358221
Feldman & Associates, P.C.
451 Hungerford Drive, Suite 210
Rockville, MD 20850
Tel: (301) 469-3610
Fax: (301) 469-3611
Email: wfeldman@wfeldmanlaw.com
*Counsel for Defendant Georgetown University*
*Alumni & Student Federal Credit Union*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 2nd day of December, 2024, a copy of the foregoing, along with the proposed order, was served by first class mail, postage prepaid, on the following:

Riyan Williams
3901 17th Street, NE
Washington, DC 20018
*Pro Se Plaintiff*

*/s/William R. Feldman*
William R. Feldman, Esquire