UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RIYAN WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>GEORGETOWN UNIVERSITY ALUMNI & STUDENT FEDERAL CREDIT UNION,<br><br>　　　　　Defendant. | Case No. 1:24-cv-02672 (TNM) |

**MEMORANDUM OPINION**

　　Riyan Williams disputes the validity of debt he incurred from loans with the Georgetown University Alumni & Student Federal Credit Union. The Credit Union removed the case from the Superior Court of the District of Columbia based on federal question jurisdiction. Williams moves to amend his Complaint and remand the case. His Complaint has both federal and state-law claims, but his proposed amendment strips away all federal claims. Because he may amend as a matter of right, the Court will grant his motion to amend. His revisions sever the only hooks for federal jurisdiction, so the Court will also remand the case.

**I.**

　　In early 2024, Williams took out several loans from the Credit Union to buy a car. Am. Compl., ECF No. 9-1, ¶¶ 7, 158.[1] The loans totaled around $42,000. *Id.* But when repayment came due, Williams disputed the debt's validity. *See id.* ¶¶ 109–11. In sum, Williams believes that by filling out loan applications that included his Social Security Number, he "provided the

---

[1] Because the Court grants Williams's motion to amend his Complaint, the background section relies on the Amended Complaint.

bank with an opportunity to generate new money" using fractional reserve banking. *Id.* ¶¶ 9, 20–21, 169–70. So he contends his loan applications are Credit Union assets that offset his debt and he should not have to repay anything. *See id.* ¶ 109.

Unsurprisingly, the Credit Union sees things differently. *See id.* ¶¶ 51, 149. When Williams fielded his theory, the Credit Union asked to meet with him to discuss the situation. State Court Docs., ECF No. 1-1, at 54. After some back and forth, the Credit Union advised Williams that it had sought legal counsel. *See id.* at 54–57. Two days later, Williams sued the Credit Union in Superior Court. *See id.* at 58.

Williams brought an array of D.C.-law claims. *See* State Court Docs. at 11–33 (Compl.). He also alleged the Credit Union breached two federal laws—the Truth in Lending Act and the Fair Debt Collection Practices Act. *Id.* at 22, 29. Based on these two claims, the Credit Union removed to this Court under federal question jurisdiction. Not. of Removal, ECF No. 1, ¶ 5.

Williams moves to remand to the local court, arguing that his case is really about violations of D.C. law. Mot. Remand, ECF No. 5. The Credit Union opposes remand, pointing out that the Complaint invokes federal laws. Opp'n to Remand, ECF 6, at 2–5. After the Credit Union filed its opposition brief, Williams also moved for leave to amend his Complaint. Mot. Amend, ECF No. 9. Among other things, he wants to replace his federal Truth in Lending Act claim with a similar D.C. consumer protection act claim. *See* Am. Compl. ¶¶ 180, 202–04. He also wants to delete any reference to the Fair Debt Collection Practices Act. *See id.* at 1–2 (omitting the Act from the list of relevant laws). The Court turns first to the motion to amend, followed by the remand motion. Throughout, the Court is mindful that Williams appears pro se and hence is entitled to special solicitude in the consideration of his Complaint and related

filings.  *Accord Yellen v. U.S. Bank, Nat'l Assoc.,* 301 F. Supp. 3d 43, 47 (D.D.C. 2018).  Still, he must abide by the Federal Rules of Civil Procedure, just like any other party.  *Cf. id.*

## II.

Start with Williams's motion to amend his Complaint.  A plaintiff may amend his complaint once as a matter of right within 21 days of the defendant's answer or motion to dismiss under Rule 12, whichever is earlier.  Fed. R. Civ. P. 15(a)(1)(B).

The Credit Union has not yet filed an answer or a motion to dismiss either here or in Superior Court.  *See* State Court Docs.  Williams has not previously amended his Complaint either, so he may do so now as a matter of right.  Fed. R. Civ. P. 15(a)(1)(B).  Thus, the Court will grant his motion to amend.

## III.

Next, consider jurisdiction.  Removal is proper when a federal court has "original jurisdiction" over a case—meaning the case could have been filed in federal court at the start.  28 U.S.C. § 1441(a); *see also City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997).  But if the district court finds that it lacks jurisdiction over a removed case, it "must remand" the case to state court.  *Rep. of Venezuela v. Philip Morris Inc.*, 287 F.3d 192, 196 (D.C. Cir. 2002).

As relevant here, federal courts have original jurisdiction over cases "arising under" federal law.  28 U.S.C. § 1331.  When a case with a federal question also involves state-law claims, a district court can "exercise supplemental jurisdiction over the accompanying state law claims" if they are "part of the same case or controversy."  *Int'l Coll. of Surgeons*, 522 U.S. at 165 (cleaned up).  But what happens to those state-law claims when, as here, the plaintiff jettisons all the federal claims *after* removal?  The Supreme Court recently answered this question in *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025).

3

Before *Royal Canin*, both removal and supplemental jurisdiction were thought to outlive the federal question triggering removal. Excising the federal claim afterward did "not defeat the original removal" because jurisdiction turned on "the complaint *as it existed at the time the petition for removal was filed*." *Gossmeyer v. McDonald*, 128 F.3d 481, 487–88 (7th Cir. 1997). Supplemental jurisdiction survived too, and courts had discretion on whether "to retain jurisdiction over, or dismiss, [supplemental] state law claims after federal claims [we]re dismissed." *Shekoyan v. Sibley Int'l,* 409 F.3d 414, 423 (D.C. Cir. 2005); *see also Edmondson & Gallagher v. Alban Towers Tenants Ass'n*, 48 F.3d 1260, 1265–66 (D.C. Cir. 1995).

But *Royal Canin* changed all that. It clarified that the jurisdictional rules are the same for removed federal-question cases and those originating in federal court. *Royal Canin*, 604 U.S. at 32. In both instances, jurisdiction is not trapped in amber. When a plaintiff amends his complaint, the new complaint—not the original complaint—"become[s] the operative one" and controls jurisdiction. *Id.* at 30. So if a plaintiff "cuts out all her federal-law claims, federal-question jurisdiction dissolves." *Id.* at 39. And once that happens, it "divests a court of supplemental jurisdiction over the remaining state claims." *Id.* at 33. Thus, if an amended complaint includes only state-law claims, "[t]he operative pleading no longer supports federal jurisdiction, and the federal court must remand the case to the state court where it started." *Id.* at 39.

To be clear, this framework applies when jurisdiction stems from a federal question. Things look different when removal hinges on diversity jurisdiction, as this Court recently explained. *See Nichols v. 300 M St. Dev. Grp.*, --- F. Supp. 3d ---, 2025 WL 1411087, at *3 (D.D.C. May 15, 2025). In diversity suits, a post-removal "amendment reducing the alleged amount-in-controversy to below the statutory threshold . . . will usually *not* destroy diversity

jurisdiction." *Royal Canin*, 604 U.S. at 38 n.8 (emphasis added) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). Unlike erasing a federal question, changing the amount in controversy does not implicate the "plaintiff's selection of claims." *Id.* Instead, it is more like a "factual issue relevant to jurisdiction only at the suit's outset."[2] *Id.* (citing *St. Paul Mercury*, 303 U.S. at 294–95). But that carveout has no play here because diversity jurisdiction is not at issue.

From here, resolving jurisdiction in this case is straightforward. It is of no matter that Williams's *original* Complaint included federal questions that made removal proper and gave the Court supplemental jurisdiction over his state-law claims. Under *Royal Canin*, the Court must now look to Williams's Amended Complaint for jurisdiction. 604 U.S. at 30. In amending his Complaint, Williams scrubbed away all federal questions; he removed his federal Truth in Lending Act claim and deleted any reference to the federal Fair Debt Collection Act. So the outcome is clear: When "(as here) the plaintiff eliminates the federal-law claims that enabled removal, leaving only state-law claims behind, the court's power to decide the dispute dissolves." *Id.* There is no longer a federal question, so the Court no longer has jurisdiction over Williams's purely state-law case. Remand is the only way forward.

---

[2] But "amending a complaint to join a non-diverse party" *does* "destroy[] diversity jurisdiction" because it involves a "plaintiff's selection of . . . parties" rather than a factual matter. *Royal Canin*, 604 U.S. at 38 & n.8.

5

## IV.

For these reasons, the Court will grant Plaintiff's [9] Motion for Leave to File Amended Complaint and [5] Motion to Remand. A separate Order will issue today.

Dated: June 10, 2025                                    TREVOR N. McFADDEN, U.S.D.J.